UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRANDIE BOWMAN, Individually and on Behalf of All Others Similarly Situated, § § § Plaintiff, § § v. § § CLEAR LAKE REGIONAL MEDICAL § CENTER, INC; CLEAR LAKE § REGIONAL PARTNER, LLC; CLEAR § LAKE MERGER, LLC; and HOUSTON § HEALTHCARE HOLDINGS, INC., § § Defendants. | CIVIL ACTION NO. _____ JURY TRIAL DEMANDED |

## COLLECTIVE AND CLASS ACTION COMPLAINT

### I.    SUMMARY

1.     Plaintiff BRANDIE BOWMAN brings this suit as a collective action under the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA" or "the Act"), and as a Rule 23 class action asserting state law claims for unpaid straight-time compensation owed at a contractual hourly rate, on her own behalf and on behalf of the members of the proposed classes defined in Paragraph 4 below. Plaintiff and class members worked as nurses at Clear Lake Regional Medical Center, a medical facility located at 500 W. Medical Center Blvd., Webster, TX 77598 (the "Hospital") which is jointly owned and operated by Defendants Clear Lake Regional Medical Center, Inc.; Clear Lake Regional Partner, LLC; Clear Lake Merger, LLC; and Houston Healthcare Holdings, Inc. (collectively, "Defendants"). Plaintiff and class members did not receive bona fide meal break periods. Instead, they were required and permitted to work off-the-clock for Defendants during their meal break periods and were not paid for such time.

1

2. An employer is not required to pay an employee for meal periods if the employer can satisfy its burden of showing that the employee received a bona fide meal period. However, Defendants required nurses at the Hospital to remain responsible for patient care throughout their shifts, including during meal periods. Nurses frequently went without meals, and even when they did attempt to eat, their meal periods were regularly interrupted by work demands. In short, Defendants used nurses' meal periods for the predominant benefit of the Hospital. Notwithstanding Defendants' practice of requiring nurses to be available for work and to in fact work throughout their meal periods, Defendants employed timekeeping software which automatically deducted thirty (30) minutes from the total time worked by nurses each shift so as to account for these hypothetical meal periods, thereby enabling Defendants to receive the benefit of an additional thirty (30) minutes of unpaid work for each shift worked by class members.

3. Defendants' practice of failing to relieve nurses of their duties during meal periods, while simultaneously using timekeeping software to automatically deduct thirty (30) minutes from the total time paid per shift (on the pretext of accounting for meal periods which nurses were not in fact free to take without constant interruption), had the effect of depriving nurses of overtime compensation due to them under the FLSA in the weeks in which they worked more than forty (40) hours in a week, and of depriving them of straight-time compensation at their contractual hourly rate in weeks in which they worked fewer than forty (40) hours in a week. On information and belief, all of the Hospital's non-exempt, direct patient care nurses were subjected to these illegal pay practices.

4. Plaintiff brings this suit under the collective action provisions of the FLSA because she and the putative class members are similarly situated under the FLSA in the following particulars: (a) they are or were hourly-paid direct patient care nurses subject to

Defendants' hospital-wide policy of automatic pay deductions for meal periods; (b) they are and were required and permitted to be available to perform uncompensated work during those meal periods, and in fact did perform uncompensated work during those periods; (c) the meal periods are and were predominantly for the benefit of Defendants; and (d) Plaintiff and class members suffered overtime wage losses as a result of Defendants' failure to pay wages at the federally required overtime rate for these 30-minute meal periods in the weeks in which the nurses worked more than forty hours in a week.

5. In addition to the FLSA collective action claims, Plaintiff brings this action as a Rule 23 class action under Texas state law because she and the class members are similarly situated in the following particulars: (a) Plaintiff and class members are or were hourly-paid direct patient care nurses who entered into employment agreements with Defendants pursuant to which Defendants promised to pay a specified hourly rate of pay for each and every hour worked by said nurses; (b) Defendants breached the employment agreements by failing to pay Plaintiff and class members the agreed rate for all hours worked, specifically, by failing to pay for meal period work at the agreed hourly rate in the weeks in which class members worked 40 or fewer hours; (c) the mechanism by which Defendants shorted Plaintiff and class members of their pay was by the use of timekeeping software to deduct 30 minutes from each shift worked by class members for a supposed "meal break" despite regularly requiring and permitting the nurses to perform compensable work during the unpaid "meal break"; and (d) Plaintiff and class members do not and did not receive pay for such "meal break work" and were damaged thereby.

6. Accordingly, Plaintiff Brandie Bowman is similarly situated to the following classes of employees:

**FLSA Class:**

**Nurses employed at Clear Lake Regional Medical Center to provide direct patient care at any time during the three years before this Complaint was filed up to the present who, as a result of Defendants' practice of automatically deducting thirty (30) minutes from each shift worked and not paying for same, did not receive all of the overtime pay to which they were entitled under the FLSA in the weeks of their employment in which said nurses worked more than forty (40) hours per week.**

**Rule 23 Class:**

**Nurses employed at Clear Lake Regional Medical Center to provide direct patient care at any time during the four years before this Complaint was filed up to the present who, as a result of Defendants' practice of automatically deducting thirty (30) minutes from each shift worked and not paying for same, did not receive all of the straight time pay at their contractual hourly rate to which they were entitled in the weeks of their employment in which said nurses worked forty (40) or fewer hours per week.**

II.

SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has jurisdiction over the FLSA claims under 29 U S.C. § 216 et seq. and 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's Texas state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts, namely, the loss of wages suffered by Plaintiff and class members as a result of Defendants' policy of automatically deducting 30 minutes of meal break time from shifts worked while simultaneously requiring and permitting Plaintiff and class members to work during said meal break time.

9. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendants operate Clear Lake Regional Medical Center in the Southern District of Texas, and because the events giving rise to these claims occurred in this judicial district.

## III.

## PARTIES AND PERSONAL JURISDICTION

10. Plaintiff Brandie Bowman is an individual residing in Brazoria County, Texas. Plaintiff's written consent to be a party to this action is attached as Exhibit "A" to this Complaint.

11. Class Members are all of Defendants' current and former hourly-paid, direct patient care nurses who work or worked at the Hospital during the time periods material to this suit, and who are due unpaid regular and/or overtime wages for compensable work performed during unpaid "meal breaks" as a result of Defendants' use of timekeeping software which deducted 30 minutes of time from each shift worked by class members.

12. Defendant Clear Lake Regional Medical Center, Inc. is a Texas corporation which operates Clear Lake Regional Medical Center. Defendant identifies its principal office as being located at One Park Plaza, Nashville, TN 37203. It may be served via service upon its registered agent for service, CT Corporation System, a company located at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

13. Defendant Clear Lake Regional Partner, LLC is a Delaware limited liability company which is wholly owned by Defendant Clear Lake Regional Medical Center, Inc. and which jointly operates Clear Lake Regional Medical Center. The location of Defendant's principal office is not currently known to Plaintiff. Defendant may be served via service upon its registered agent for service, the Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

14. Defendant Clear Lake Merger, LLC is a Delaware limited liability company which is wholly owned by Defendant Clear Lake Regional Medical Center, Inc. and which jointly operates Clear Lake Regional Medical Center. The location of Defendant's principal office is not currently known to Plaintiff. Defendant may be served via service upon its

registered agent for service, the Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

15. Defendant Houston Healthcare Holdings, Inc**.** is a Delaware corporation which wholly owns the other Defendants and which jointly operates Clear Lake Regional Medical Center. The location of Defendant's principal office is not currently known to Plaintiff. Defendant may be served via service upon its registered agent for service, the Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

IV.

FLSA COVERAGE

16. At all material times, Defendants have been employers within the meaning of Section 203(d) of the FLSA because they employed personnel to operate Clear Lake Regional Medical Center.

17. At all material times, Defendants have been a single enterprise within the meaning of Section 203(r) of the FLSA because they have acted through unified operation and common control to further their common purpose of operating Clear Lake Regional Medical Center.

18. At all material times, Defendants have been an enterprise in commerce within the meaning of Section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce through the operation of Clear Lake Regional Medical Center.

19. At all material times, Defendants have had, individually and collectively, an annual gross business volume in excess of $500,000 per year.

V.

FACTUAL BACKGROUND

20.     Defendants operate Clear Lake Regional Medical Center located at 500 W. Medical Center Blvd., Webster, TX 77598 (the "Hospital"). The Hospital has provided comprehensive healthcare to the Bay Area Houston region for approximately forty-five years. It employs approximately 2,000 staff members and approximately 900 physicians in multiple specialties, including but not limited to breast health, cancer care, cardiology, diabetes management, emergency services, medical imaging, obstetric and gynecological services, pediatrics, rehabilitation services, neuroscience and neurology, robotic and conventional surgery, and wound treatment.

21.     Plaintiff Brandie Bowman is a registered nurse who worked for Defendants at the Hospital from approximately August 2014 until approximately March 2015. On or about August 2014, she agreed to provide her services as a registered nurse in the Hospital's Oncology Department in exchange for Defendants' agreement to compensate her at a specified hourly rate for each of her hours worked. On information and belief, the agreed hourly rate was approximately $27.50 per hour.

22.     Plaintiff and class members were regularly scheduled to work three twelve-hour shifts per week at the Hospital. However, class members had the option to pick up additional shifts, and frequently did so. In Plaintiff's case, she picked up two additional twelve-hour shifts per week in approximately three out of every four weeks worked. Accordingly, Plaintiff worked approximately 60 hours per week at the Hospital in the majority of the weeks following her orientation.

23.     Plaintiff alleges that in each and every week of her employment following her classroom orientation, **and as a result of a common policy equally applicable to her and to**

**every member of the class,** Defendants (a) failed to pay her the agreed hourly rate for some of her work performed in those weeks in which she worked forty (40) or fewer hours; and (b) failed to pay her at the time-and-one-half overtime rate required by federal law for some of her work performed in those weeks in which she worked more than forty (40) hours in a week. Specifically, she was not compensated at any rate whatsoever for 30 minutes of each of her twelve-hour shifts worked.

*Off-the-clock work: Uncompensated work during meal breaks.*

24. The Hospital generated its payroll documentation for Plaintiff and class members by using eStub software. The hours to be paid were tracked by timekeeping software which, on information and belief, was Kronos timekeeping software. The timekeeping software was configured to deduct 30 minutes of time from each twelve-hour shift worked by the Hospital's direct patient care nurses. Each pay period, the amount of time tracked by the Kronos software, after deduction of 30 minutes per worked shift, was uploaded for processing into the eStub payroll processing software.

25. All of the Hospital's hourly-paid direct patient care nurses are and were subject to Defendants' policy to automatically deduct 30 minutes per shift from the recorded time worked.

26. Plaintiff anticipates that Defendants may attempt to argue that the 30-minute deductions from each shift worked were warranted so as to account for uninterrupted 30-minute lunch breaks during which no work was performed and for which no compensation is owed. In point of fact, however, Plaintiff and her nurse colleagues routinely worked through their lunch breaks, and even when they did manage to spend a few minutes eating, that time was regularly interrupted by other nurses on duty, nurse managers, doctors, patients' families, and other Hospital staff.

27. Defendants are and were familiar with the demands of the health care industry in general and of providing medical services at the Hospital in specific, and they deliberately chose to keep their labor costs down by staffing an insufficient number of personnel per shift. Rather than hiring and staffing a sufficient number of nurses per shift to allow the nurses to take full, uninterrupted 30-minute meal breaks, Defendants required and permitted these overworked nurses to work during their meal breaks for the benefit of the Hospital. Defendants knew and expected that Plaintiff and class members would work through their unpaid "meal breaks," and this was in fact a daily occurrence at Hospital. Defendants' supervisors and management routinely interrupted the meal breaks of Plaintiff and class members and made work demands upon them. Defendants' supervisors and management were actively involved in scheduling the shifts worked by Plaintiffs and the class, and they had actual knowledge that their staffing and work policies were causing Plaintiff and class members to work through meal breaks to the predominant benefit of the Hospital.

28. Plaintiff and class members were not only required to remain at the Hospital during their shifts, including during the supposed "meal breaks," they were expected to remain on their assigned floors so as to be able to respond to patient care needs at all times. Plaintiff and class members were also required to carry cell phones issued by the Hospital and were required to respond to calls on those telephones at all times, including during any supposed "meal break." In short, far from ensuring that Plaintiff and class members were completely relieved of work duties during the supposed "meal breaks," Defendants expected and required Plaintiff and class members to attend to work demands throughout their shifts, including during any "meal break."

29. In that connection, Plaintiff and class members were expected to complete orders on assigned patients, to answer calls, to respond to medical emergencies ("codes"), to advise

9

other staff on patient care and status issues, to answer questions from hospital staff or family members, and in general to respond immediately to work demands during "meal breaks."

30. Defendants knew and/or had reason to know that Plaintiff and class members performed work during their unpaid "meal breaks," as evidenced by Defendants requiring Plaintiff and class members to remain at the Hospital and on their assigned floors during their shifts so as to be available to respond to work demands, and by the fact that Defendants provided Plaintiff and other class members with cell phones and expected them to respond to calls for information or assistance at any time during the shift, including during meal breaks. Moreover, Plaintiff and class members performed work for Defendants during the unpaid meal breaks in plain sight of Defendants' management, quite often at Defendants' management's specific request.

31. Despite Defendants' actual knowledge that Plaintiff and other class members worked during supposed "meal breaks," Defendants willfully failed to compensate Plaintiff and class members for such work, electing instead to accept the benefits of the class members' work without compensating them for such work.

32. Given that Defendants' supervisors and managers knew from direct observation and from their general knowledge of the Hospital's operations that Plaintiff and class members (a) regularly worked through the deducted meal break time without compensation; and (b) regularly accumulated overtime hours even after deduction of the uncompensated 30 minutes per shift (as evidenced by the fact that the Hospital paid for overtime that still appeared in the timekeeping records even after deduction of the 30 minutes per shift), Defendants had both actual and constructive knowledge that Plaintiff and class members were not being compensated for meal periods worked at any rate whatsoever, much less at the agreed hourly rate or at the federally mandated time-and-one-half rate required for overtime.

*Calculation of damages.*

33. Evidence reflecting the number of uncompensated meal break hours worked by each class member, as well as their applicable regular and overtime rate, is in the possession of Defendants. Actual damages can be calculated easily once Defendants have produced complete payroll records for the class. The absence of a bona fide meal break makes all meal break time compensable, and all that remains is to establish the number of shifts worked by class members in the weeks in which they worked more than 40 hours, and the number of shifts worked in which they worked fewer than 40 hours. Each shift worked will entitle class members to 30 minutes of pay at either their usual hourly rate or at their time-and-one-half rate, depending upon whether the week in question is one in which forty or fewer hours were worked, or one in which forty or more hours were worked. The information needed to calculate damages—specifically the dates of the shifts worked, the total number of hours worked per week, and the base hourly rate of pay for each worker—exists right now in Defendants' timekeeping and payroll databases. The damage calculation itself will be a straightforward accounting process.

VI.

COLLECTIVE ACTION ALLEGATIONS—VIOLATION OF 29 U.S.C. § 207—OVERTIME

34. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

35. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of the members of the putative class.

36. The action is filed on behalf of all of Defendants' hourly-paid direct patient care nurses who worked at the Hospital during the three years preceding the filing of this action through entry of judgment in this case, whose overtime pay was docked pursuant to an automatic meal break deduction policy notwithstanding the fact that the nurses performed compensable work during the supposed meal break periods (the "FLSA Class").

37. This FLSA Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is currently unknown to Plaintiff, and although the data which would identify the size of the FLSA Class is within the sole control of Defendants, upon information and belief there are hundreds of nurses encompassed by the class, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

38. Plaintiff will fairly and adequately protect the interests of the FLSA Class members and has retained counsel experienced and competent in the field of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with the interests of the members of the FLSA Class.

39. A collective action is superior to individual adjudication of the claims at issue in this controversy, since the claims are substantially similar and since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the class to seek redress individually for the wrongs done to them. Management of the suit as a collective action will serve judicial economy.

40. Questions of law and fact common to the FLSA Class members predominate over questions that may affect only individuals because Defendants have acted on grounds generally applicable to all FLSA Class members. Among the common questions of law and fact common to Plaintiff and other collective action class members are:

    a. whether Defendants employed class members in the manner that "employment" is understood and defined by the FLSA;

    b. whether Plaintiff and the FLSA Class members were expected to and/or required to work during unpaid meal breaks, and in fact did so;

c. Whether Defendants' control of the conditions of the "meal break" was for the predominant benefit of the Hospital and whether it made such time compensable as a matter of law;

d. whether Defendants failed to pay Plaintiff and the FLSA Class members overtime compensation for some of their hours worked in excess of forty hours per workweek in violation of the FLSA, as a result of Defendants' automatic deduction of, and failure to pay for, 30-minute meal break periods in each shift worked in weeks in which overtime hours were otherwise worked;

e. whether Defendants' violations of the FLSA were willful as that term is understood in the context of the FLSA; and

f. whether Defendants are liable for damages claimed hereunder, including but not limited to unpaid overtime wages, liquidated damages, attorneys' fees and costs.

41. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a collective action.

42. The FLSA 216(b) collective action class may be defined as:

**Nurses employed at Clear Lake Regional Medical Center to provide direct patient care at any time during the three years before this Complaint was filed up to the present who, as a result of Defendants' practice of automatically deducting thirty (30) minutes from each shift worked and not paying for same, did not receive all of the overtime pay to which they were entitled under the FLSA in the weeks of their employment in which said nurses worked more than forty (40) hours per week.**

VII.

TEXAS CLASS ACTION ALLEGATIONS

43. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

44. Pursuant to Fed.R.Civ.P. 23(a), (b)(2) and (b)(3) and 28 U.S.C. § 1367, Plaintiff seeks to prosecute her Texas state claims for breach of contract, quantum meruit and unjust enrichment as a class action on behalf of all hourly-paid direct patient care nurses who worked at the Hospital at any time during the four years preceding the filing of this action through entry of judgment whose pay has been docked by application of an automatic meal break deduction to their shifts worked in the weeks in which they did not work overtime (the "Rule 23 Class").

45. This Rule 23 Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is currently unknown to Plaintiff, and although the data which would identify the size of the Rule 23 Class is within the sole control of Defendants, upon information and belief there are hundreds of nurses encompassed by the class, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

46. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class Members and has retained counsel experienced and competent in the field of contract, compensation, and class action litigation. Plaintiff has no interest that is contrary to or in conflict with the interests of the members of the Rule 23 Class.

47. A class action is superior to individual adjudication of the claims at issue in this controversy, since the claims are substantially similar and since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual members of the Rule 23 Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the class to individually seek redress for the wrongs done to them. Management of this suit as a class action will serve judicial economy.

48. Questions of law and fact common to the Rule 23 Class predominate over questions that may affect only individuals because the Hospital has acted on grounds generally applicable to all class members. Among the common questions of law and fact common to Plaintiff and other members of the Rule 23 Class are:

    a.    whether agreements existed pursuant to which Defendants were to pay an hourly wage to Plaintiff and to members of the class for each hour of their work;

    b.    whether Defendants failed to pay Plaintiff and members of the class for all hours worked as a result of its automatic deduction of a 30-minute meal period per shift, notwithstanding the fact that Plaintiff and class members regularly performed compensable work during such meal breaks;

c.  whether Defendants engaged in a continuing policy, pattern or practice of failing to pay Plaintiff and the class members for all hours worked;

d.  whether Defendants breached and continue to breach the employment agreements between it and the class members;

e.  whether Defendants are liable for damages claimed hereunder, including but not limited to unpaid meal break time worked, attorneys' fees and costs.

49. Plaintiff's claims are typical of the claims of the Rule 23 Class. Plaintiff, like all other class members, was subject to the Hospital's policy and practice of automatically deducting 30 minutes of pay per shift worked even though Plaintiff performed compensable work throughout her shift. Plaintiff and each class member has been damaged and is entitled to recovery by reason of the Hospital's policies and practices. Class action treatment will allow class members to litigate their claims in a manner that is fair to all parties involved, free of fear of retaliation, and efficient for those parties and for the judicial system.

50. The Rule 23 Class members are defined as:

> **Nurses employed at Clear Lake Regional Medical Center to provide direct patient care at any time during the four years before this Complaint was filed up to the present who, as a result of Defendants' practice of automatically deducting thirty (30) minutes from each shift worked and not paying for same, did not receive all of the straight time pay at their contractual hourly rate to which they were entitled in the weeks of their employment in which said nurses worked forty (40) or fewer hours per week.**

VIII.

DAMAGES SOUGHT

A.  <u>FLSA Collective Action Damages</u>.

51. Plaintiff and Collective Action Members are entitled to recover their unpaid overtime compensation.

52. Plaintiff and Collective Action Members are also entitled to an amount equal to all of their unpaid overtime compensation as liquidated damages. 29 U.S.C. § 207 and 216(b).

53. Plaintiff and Collective Action Members are also entitled to recover their attorney's fees and costs as provided for by the FLSA. 29 U.S.C. § 216(b).

B. Rule 23 Class Action Damages.

54. Plaintiff and Rule 23 Class members are entitled to recover all damages incurred by them due to Defendants' breach of the employment agreements, specifically for 30 minutes of pay per shift worked in non-overtime weeks at their then-applicable contractual hourly rate.

55. Plaintiff and Rule 23 Class members are also entitled to recover their attorney's fees and costs incurred in prosecuting their claims for damages due to Defendants' breach of their employment agreements.

56. Plaintiff and Rule 23 Class members are also entitled to prejudgment and post-judgment interest.

IX. PRAYER

A. FLSA COLLECTIVE ACTION RELIEF — OVERTIME

For the foregoing reasons, Plaintiff respectfully requests judgment to be entered against Defendants, jointly and severally, awarding Plaintiff and the FLSA Class members:

1. overtime compensation for all unpaid overtime hours worked in excess of forty (40) in a week at the rate of one and one-half times their regular rates of pay;

2. an amount equal to the sum of the unpaid overtime compensation, as liquidated damages allowed under the FLSA;

3. reasonable attorney's fees, costs and expenses of this action as provided for by the FLSA;

4. pre-judgment and post judgment interest at the highest rates allowed by law on all damages; and

5. such other and further relief, at law or in equity, to which Plaintiff and the FLSA Class members may be entitled.

B.  RULE 23 RELIEF FOR STATE LAW CLAIMS

Plaintiff further respectfully requests judgment to be entered against Defendants, jointly and severally, awarding Plaintiff and the Rule 23 Class members:

1. compensation for all unpaid hours worked in non-overtime weeks at their then-applicable hourly rates;

2. reasonable attorney's fees, costs and expenses of this action;

3. pre-judgment and post judgment interest at the highest rates allowed by law on all damages; and

4. such other and further relief, at law or in equity, to which Plaintiff and the Rule 23 Class members be entitled.

Respectfully submitted,

*/s/ Alex Mabry*
Alex Mabry
State Bar No. 00792043
**THE MABRY LAW FIRM, PLLC**
7155 Old Katy Road, Suite N235
Houston, Texas 77024
Telephone: 832-350-8335
Facsimile: 832-831-2460
**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF BRANDIE BOWMAN**